**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADAM GORDY,

                Petitioner - Appellant,

v.

ANTHONY HEDGPETH, Warden,

                Respondent - Appellee.

No. 12-56854

D.C. No. 2:11-cv-06512-GW-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted August 31, 2015
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

**1.** The state courts did not unreasonably apply *Drope v. Missouri*, 420 U.S. 162 (1975), or rest their decision on an unreasonable determination of the facts, in denying Adam Gordy's requests for a second competency hearing. *See* 28 U.S.C. § 2254(d). The state trial court denied those requests, despite behavior by Gordy

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

that might otherwise have justified a second hearing, primarily because the court believed that Gordy was feigning his behavior for the purpose of delaying the trial. In the months preceding Gordy's first competency hearing, three of five examining psychiatrists found that he was malingering and was competent to stand trial. In determining whether or not there was reason to doubt Gordy's competence, the state trial court properly referenced those medical evaluations and made numerous observations on the record documenting that Gordy's actions appeared strategic rather than authentic, including his act of cutting his hands in open court. *See Drope*, 420 U.S. at 180. Both the state trial and appellate courts reasonably grounded their decision on the disjunction between Gordy's sedated demeanor and verbal outbursts, on the one hand, and his ability to coherently testify and argue on his own behalf, on the other.

**2.** Under 28 U.S.C. § 2254(d), we must also defer to the state appellate court's reasonable determination that confining Gordy to a restraint chair during trial was not an abuse of discretion. After Gordy smuggled several razor blades into court and cut himself, the state trial court made an individualized assessment that Gordy posed a safety risk to himself and others. The court also found that less restrictive alternatives to the chair would be insufficient. Moreover, even if Gordy were able to show that the jury understood he was in a restraint chair, he failed to

establish that the restraints had a substantial and injurious effect on the determination of his verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

**3.** The district court did not abuse its discretion when it denied Gordy's request for court-appointed habeas counsel because "the interests of justice" did not warrant appointment. 18 U.S.C. § 3006A(a)(2)(B). Gordy, with the assistance of a fellow prisoner, had already filed a 66-page habeas petition. The district court permissibly concluded that appointment of counsel would not be required unless an evidentiary hearing were held, which the court ultimately did not order. Gordy still had to file a reply brief in support of his petition, but he was able to secure the assistance of private counsel in preparing that brief.

**AFFIRMED.**